PER CURIAM.
The Defendant appeals his conviction and sentence for robbery with a firearm. He asserts the trial court erred by admitting evidence of a collateral crime to *1094 prove identity, where the collateral crime and the crime charged did not share any unique characteristics. We agree and reverse.
“For collateral crimes to be admissible there must be something so unique or particularly unusual about the perpetrator or his modus operandi that introduction of the collateral crimes evidence would tend to establish that he committed the crime charged.” Buenoano v. State, 527 So.2d 194, 197 (Fla.1988). Furthermore, the similarities in an identity case must be so unusual so as to point only to the defendant. See Drake v. State, 400 So.2d 1217, 1219 (Fla.1981).
In the present case, the conduct during the commissions of the crimes was that of a typical purse-snatching. As such, nothing unique or particularly unusual occurred during the commissions of the crime charged and the collateral crime. Therefore, the trial court abused its discretion in admitting the collateral crime evidence. In addition, because the admission of collateral crimes is presumptively harmful, see Holland v. State, 636 So.2d 1289, 1293 (Fla.1994), and the crimes in the present case did not share any uniqueness, we cannot say the error was harmless. See Smith v. State, 24 Fla. L. Weekly D2344, 743 So.2d 141 (Fla. 4th DCA 1999) Accordingly, we reverse and remand.
REVERSED and REMANDED.
GUNTHER, FARMER and KLEIN, JJ., concur.